# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DOLORES ROSE PEERS,

    Plaintiff,

v.                                                                      CASE NO. 8:20-cv-1312-T-02-CPT

SELECT PORTFOLIO SERVICING, INC.,
a Utah Corporation; VAN DYKE MORTGAGE
CORPORATION, MERS AS NOMINEE,
a Michigan Corporation;
STEPHANIE BOUCHER;

    Defendants.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant Select Portfolio Servicing, Inc.'s Motion to Dismiss the Second Amended Complaint. Dkt. 22. Plaintiff, Dolores Rose Peers, proceeding *pro se*, filed a response to this motion. Dkt. 26. With the benefit of full briefing, the Court grants the Defendant's motion and dismisses the case under the *Rooker-Feldman* doctrine pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## BACKGROUND

At the center of this case is title to real property located at 9526 Horizon Drive, Spring Hill, Florida 34608. Dkt. 20 at 2. The property was previously owned by Plaintiff's parents, Vincent and Dolores Peers. *Id.* When Vincent Peers

died, Dolores Peers became the sole owner of the property. Dkt. 20, Ex. B. Ms. Peers conveyed the property to herself and Plaintiff in 2002 as joint tenants with full rights of survivorship. *Id.* Plaintiff's mother then died in 2004, making Plaintiff the sole owner of the property. Dkt. 20 at 2.

Washington Mutual Bank, FA issued a mortgage on the property in 2007. Dkt. 22-1 at 5. In her Second Amended Complaint, Plaintiff claims the mortgage was in the name of Dolores Peers, but there was an unknown Social Security number attached to the loan. Dkt. 20 at 2. The mortgage defaulted in 2010. Dkt. 22-1 at 3.

U.S. Bank, acting as a successor trustee ("Trustee"), sued in Florida state court in late 2012, seeking to foreclose on the mortgage. Dkt. 22-1. In 2014, the state court entered a final judgment of foreclosure in favor of Trustee. Dkts. 22-2. According to the final judgment, Plaintiff owed almost $250,000 on the mortgage and associated fees. Dkt. 22-2 at 2-3. Trustee purchased the property at a foreclosure sale on February 27, 2018. Dkt. 22 at 5. On March 5, 2018, Plaintiff executed a general warranty deed purportedly conveying the property's title to herself and Tatiana Scism as tenants in common. Dkt. 20, Ex. C. Ten days later, the state court entered a certificate of title documenting Trustee's purchase at the foreclosure sale. Dkt. 20, Ex. F. Trustee sold the property to a third party in January 2019. Dkt. 20, Ex. G.

Plaintiff alleges Select Portfolio Servicing, Inc. made a claim to the property through the mortgage and hired several law firms to pursue the property. Dkt. 20 at 2. She puts forth two claims in her Second Amended Complaint. Dkt. 20 at 8. First, she argues she is the true owner of the property, and accordingly requests to have title quieted and confirmed in her name. *Id.* Second, Plaintiff alleges Defendant violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").[1] Dkt. 20 at 7-8. Although Plaintiff's grounds for the FDUTPA claim are not entirely clear in her pleadings, it seems as though she believes Defendant violated FDUTPA by failing to investigate the Social Security number associated with the mortgage.[2] Dkt. 20 at 2. According to Plaintiff, this failure clouded her title to the property and ultimately led to the foreclosure. Dkt. 26 at 7.

## LEGAL STANDARD

Federal courts must have subject-matter jurisdiction over their cases. *See* Fed. R. Civ. P. 12(b)(1). There are two types of challenges against subject-matter jurisdiction: "facial" and "factual." *Makro Capital of Am., Inc. v. UBS AG*, 543

---

[1] It appears Plaintiff also attempted to plead claims under the Fair Debt Collection Practices Act and the "Florida Debt Collections Protections Act" in her Response to the Defendant's Motion to Dismiss. Dkt. 26 at 7. However, because these claims were raised for the first time in her brief in opposition to the Defendant's motion, the claims are not properly before the Court for review. *See Huls v. Liabona*, 437 F. App'x 830, 832 n.4 (11th Cir. 2011) (per curiam) (finding that an argument was not properly raised when plaintiff asserted it for the first time in response to defendant's motion to dismiss).

[2] *Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and should be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

F.3d 1254, 1258 (11th Cir. 2008). A facial attack challenges subject-matter jurisdiction based on the allegations in the complaint. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). A factual attack challenges just that: the facts that allegedly support subject-matter jurisdiction. *Makro Capital*, 543 F.3d at 1258. For factual attacks, courts may consider extrinsic evidence, such as affidavits and testimony. *Id.* "Since such a motion implicates the fundamental question of a trial court's jurisdiction, a 'trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case' without presuming the truthfulness of the plaintiff's allegations." *Id.* (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003)).

## DISCUSSION

Plaintiff brings two claims against the Defendant: (1) to quiet title to the above-described property, and (2) for alleged violations of FDUTPA. Dkt. 20 at 8. As discussed below, both claims must be dismissed for lack of subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

The *Rooker-Feldman* doctrine precludes federal district courts from exercising jurisdiction over final judgments of state courts. *Figueroa v. MERSCORP, Inc.*, 477 F. App'x 558, 560 (11th Cir. 2012) (per curiam). Federal district courts do not have jurisdiction to act as appellate courts and review final

state court judgments. *Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1249 (11th Cir. 2009). *Rooker-Feldman* applies where "state-court losers complain[ ] of injuries caused by state-court judgments rendered before the district court proceedings commenced and invit[e] district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Importantly, the doctrine applies not only to claims that were actually raised in state court, but also to claims that are "inextricably intertwined" with state court determinations. *See Feldman*, 460 U.S. at 482 n.16. A claim is considered "inextricably intertwined" if it would "effectively nullify the state court judgment, or [if] it 'succeeds only to the extent that the state court wrongly decided the issues.'" *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam) (citations omitted) (quoting *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001)). Someone who loses in state court cannot avoid *Rooker-Feldman* by "cleverly cloaking her pleadings in the cloth of a different claim." *May v. Morgan Cnty. Ga.*, 878 F.3d 1001, 1005 (11th Cir. 2017) (per curiam).

Here, this Court lacks subject-matter jurisdiction over Plaintiff's claim to quiet title. Plaintiff seeks to re-litigate the very issue decided by the state court: whether she has title to the property in question. In her complaint, Plaintiff requests this Court grant her title in fee simple and declare any other party's claim to the

property null and void. Dkt. 20 at 8. This request directly contravenes the state court's final judgment of foreclosure in favor of the Trustee. Accordingly, *Rooker-Feldman* bars the Plaintiff from relitigating the same issue in federal court, and the claim to quiet title must be dismissed for lack of subject-matter jurisdiction.

Plaintiff's claim under FDUTPA fares no better. The Eleventh Circuit's decision in *Nivia v. Nation Star Mortg., LLC*, 620 F. App'x 822 (11th Cir. 2015) (per curiam), is particularly instructive for this issue.[3] There, a mortgagor sued in federal court for alleged violations of FDUTPA after the defendant won a foreclosure judgment in state court. *Id.* at 823. The Eleventh Circuit agreed with the district court that the FDUTPA claims were barred under *Rooker-Feldman*. *Id.* at 823-24. According to the Eleventh Circuit, the FDUTPA claims amounted to an equitable defense that should have been raised during the foreclosure proceeding. *Id.* at 825; s*ee also Casale*, 558 F.3d at 1261 ("We are not a clearinghouse for [plaintiff's] overstock arguments; if he did not offer them to the state courts—or if the state courts did not buy them—he cannot unload them by attempting to sell them to us."). As such, any determination on the merits of the FDUTPA claims would have required the district court to rule that the state court's foreclosure

---

[3] *See also Figueroa*, 477 F. App'x at 560 (affirming the dismissal of fraud claims under *Rooker-Feldman* because they were "inextricably intertwined" with a state court's foreclosure judgment).

6

judgment was invalid—a task that directly violated *Rooker-Feldman*. *Nivia*, 620 F. App'x at 825; *see also Carmenates v. Bank of Am., N.A.*, No. 8: 17-cv-2635-T-23JSS, 2018 WL 3548727, at *4 (M.D. Fla. July 24, 2018) ("In sum, the fraud claim in this action appears a circuitous but unmistakable attempt to impugn the validity of the foreclosure judgment.").

Here, like in *Nivia*, Plaintiff's FDUTPA claim amounts to a mere repackaging of her attacks against the state court's foreclosure judgment. Plaintiff seems to argue that Defendant's alleged FDUTPA violations caused the foreclosure.[4] This constitutes an equitable defense that should have been raised at the state court foreclosure proceeding. Accordingly, the FDUTPA claim is "inextricably intertwined" with the state court's judgment and therefore barred under *Rooker-Feldman*. Plaintiff cannot now get a second bite at the apple in federal court.

This disposition is strongly supported by the weight of authority. In fact, several judges in the Middle District of Florida have invoked *Rooker-Feldman* to dismiss similar fraud claims linked to state court foreclosure judgments. *See Milian v. Bank of Am., N.A.*, No. 8: 17-cv-2597-T-35AAS, 2018 WL 11177005, at *1 n.3

---

[4] Plaintiff's Reply to Defendant's Motion to Dismiss reads as follows: "Attaching a lien with an unknown persons [sic] social security number to the subject property and claiming a debt is due falls under unscrupulous and deceptive business practices. . . Because of the deceptive and unscrupulous actions of Select Portfolio Servicing, Inc., Ms. Peers [sic] home was emptied of all furnishings and belongings and the title to the property is clouded. The plaintiff's residence was basically stolen by SPS." Dkt. 26 at 7.

7

(M.D. Fla. October 30, 2018) (listing thirty-five cases that involved similar issues and were dismissed pursuant to *Rooker-Feldman*). This Court will follow the weight of authority and dismiss Plaintiff's claims for lack of subject-matter jurisdiction.[5]

## CONCLUSION

Defendant's motion to dismiss (Dkt. 22) is **GRANTED**, and the action is **DISMISSED**. Defendant's motion to strike (Dkt. 22) is denied as moot. The Clerk is directed to terminate any pending motions and deadlines and to close the case.

**DONE AND ORDERED** at Tampa, Florida, on September 1, 2020.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
*Pro Se* Litigant

---

[5] Because *Rooker-Feldman* raises a threshold jurisdictional matter, the Court need not address the remaining arguments presented in Defendant's motion. *See Boda v. United States*, 698 F. 2d 1174, 1177 n.4 (11th Cir. 1983) (explaining that "[w]here dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds. This dismissal is without prejudice.").